ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendants,*
*Target Corporation and Linsy Fusch*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CATHERINE BIERMAN, individually;

Plaintiff,

vs.

TARGET CORPORATON, a foreign corporation; DOES I-X; and ROE CORPORATIONS I-X, inclusive;

Defendants.

CASE NO.:

**DEFENDANT TARGET CORPORATION'S PETITION FOR REMOVAL AND DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Defendant, TARGET, by and through its attorney Alan W. Westbrook, Esq. of PERRY & WESTBROOK, a Professional Corporation, hereby removes this action from the Eighth Judicial District Court of the State of Nevada, in and for Clark County, Nevada, to the United States District Court for the District of Nevada, pursuant to Section 1441 of Title 28 of the United States Code (Diversity of Citizenship).

This removal of this action is based upon the following:

1. This action is a civil action within the meaning of Acts of Congress relating to removal of cases.

2. Plaintiff Catherine Bierman filed a Complaint for damages in the Eighth Judicial District Court, in and for Clark County, Nevada (the State Court). The State Court assigned this matter number A-22-853035-C. The Complaint alleged a cause of action for negligence against Defendant (a copy of the original Complaint is attached as **Exhibit A**). A copy of Plaintiff's Initial Appearance Fee Disclosure is attached as **Exhibit B** while Plaintiff's Affidavit of Service is attached as **Exhibit C.** Defendant's Initial Appearance Fee (**Exhibit D**), Answer to Complaint (**Exhibit E**), and Demand for Jury Trial (**Exhibit F**) are also attached hereto.

3. The Complaint filed alleges damages in excess of $15,000.00. Further, on May 25, 2021, Plaintiff served a Demand which alleged medical expenses totaling $40,050.34. While a claim for loss of earnings has not been identified, pain and suffering and allegations of loss of enjoyment of life were identified in the Demand. Further, a recommendation that Plaintiff undergo Radiofrequency Ablation Medical Branches with regard to her spine has been alleged. All told, the May 25, 2021 Demand alleges several items that if found true, would exceed $75,000.00.

4. Removal to this Court is based upon the filing of Plaintiff's May 23, 2022 Complaint. See 28 U.S.C. § 1446(b)(2)("each defendant shall have 30 days after receipt by, or service on, that defendant of the initial pleading or summons… to file the notice of removal.") The Defendant, Target Corporation, was served with Plaintiff's Complaint June 3, 2022. Therefore, this Petition is filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

/ / /

5. This Court has original jurisdiction over the claims alleged here for the reasons set forth below:

a. According to the Complaint Plaintiff is, and was at all times relevant, a resident of the State of Nevada.

b. Defendant, Target Corporation, is incorporated in Minnesota, with its principle place of business in Minnesota.

c. Based upon the Plaintiff's assertions to the State Court, including the description of alleged injury, coupled with allegations made in the May 25, 2021 Demand alleging pain and suffering, loss of enjoyment of life and future medical treatment, including an alleged recommendation that Plaintiff undergo Radiofrequency Ablation Medical Branches, Defendant has a good faith understanding that the amount in controversy exceeds the amount of $75,000.00, exclusive of costs and interest.

d. The State Court action is a civil action between citizens of different States, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest. The District Court has original jurisdiction over the matter pursuant to 28 U.S.C., Section 1332.

6. Defendant will serve a copy of a Notice of Removal immediately upon the filing of this Petition by filing a Notice of Removal with the State Court and having it electronically served through the Court filing system.

7. Defendant respectfully demands a trial by jury of the above-captioned matter.

///

///

///

///

WHEREFORE, Defendant hereby removes the State Court Action pending as Case No. A-22-853035-C in the Eighth Judicial District Court of the State of Nevada, in and for Clark County, Nevada, to this Honorable Court.

DATED this 1st day of July, 2022.

PERRY & WESTBROOK
A Professional Corporation

*/s/ Alan W. Westbrook*

ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of July, 2022, a true and correct copy of the foregoing was served via email and U.S. Mail upon the following counsel:

Daniel S. Ivie, Esq.
Mainor Wirth, LLP
6018 S. Fort Apache Road, Suite 150
Las Vegas, Nevada 89148
divie@mwinjury.com
*Attorneys for Plaintiff*

*/s/ Jennifer L. Meacham*
An Employee of PERRY & WESTBROOK,
A Professional Corporation

# Exhibit A

Electronically Filed
5/23/2022 5:31 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
DANIEL S. IVIE, ESQ.
Nevada Bar No. 10090
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
divie@mwinjury.com
*Counsel for Plaintiff*

CASE NO: A-22-853035-C
Department 16

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CATHERINE BIERMAN, individually;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Foreign Corporation; DOES I – X, inclusive; and ROE CORPORATIONS I – X, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff CATHERINE BIERMAN, by and through her counsel of record, DANIEL S. IVIE, ESQ., of MAINOR WIRTH, LLP, hereby complains and alleges against Defendant TARGET CORPORATION as follows:

**I.**

**PARTIES AND JURISDICTION**

1. At all times relevant herein, Plaintiff CATHERINE BIERMAN is and was a resident of the County of Clark, State of Nevada;

2. Based upon information and belief, at all times relevant herein, Defendant TARGET CORPORATION is and was a foreign corporation doing business in the County of Clark, State of Nevada.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

3. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants, DOES I – X and/or ROE CORPORATIONS I – X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I – X and/or ROE CORPORATIONS I – X are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendants, DOES I – X and/or ROE CORPORATIONS I – X, arises out of, but is not limited to, their status as owners and/or lessors and/or lessees and/or their maintenance and/or entrustment of and control of the premises at the time of the subject slip-and-fall incident and/or their agency, master/servant or joint venture relationship with Defendants and/or each of them. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

4. All the facts and circumstances that give rise to the instant lawsuit occurred within the County of Clark, State of Nevada.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

## II.

## STATEMENT OF FACTS

5. On or about June 15, 2020, Defendant TARGET CORPORATION (hereinafter "Defendant TARGET") owned and/or controlled the premises commonly known as Target, located at 605 N. Stephanie Street, Henderson, NV 89014 (hereinafter "the subject premises").

6. On or about June 15, 2020, Plaintiff CATHERINE BIERMAN (hereinafter "Plaintiff") was a business invitee and/or guest of Defendant TARGET and was legally upon the subject premises at the time of the subject incident complained of herein.

7. On or about June 15, 2020, Plaintiff was shopping at TARGET on the subject premises and, while exercising due care and caution for her own safety, slipped and fell as a result of a large area covered with a liquid substance on the floor within the premises.

8. That the liquid substance on the floor was a dangerous and unsafe condition which presented an unreasonable risk of harm to Plaintiff.

9. Plaintiff sustained substantial bodily injuries as a result of the subject incident.

III.

**FIRST CAUSE OF ACTION**
**(Negligence)**

10. Plaintiff hereby repeats, realleges and incorporates by reference the paragraphs above as if fully set forth herein.

11. At said time and place, Defendant TARGET owed a duty to Plaintiff to refrain from maintaining its premises and/or maintaining/caring for their premises in a careless and/or reckless manner.

12. In complete disregard of its duty, Defendant TARGET maintained its premises in an reckless, negligent and careless manner, so as to create a condition that resulted in serious injury to Plaintiff's person.

13. Plaintiff is informed and believes that at all times material herein, Defendant TARGET was exclusively in control of the premises which caused harm to Plaintiff.

14. The incident which is the subject of this litigation, and the injuries resulting therefrom, are those that do not ordinarily occur in the absence of negligence.

15. As a direct and proximate result of the negligence of Defendant TARGET, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, resulting in general and compensatory damages to Plaintiff in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

16. As a further and direct and proximate result of the negligence of Defendant TARGET, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

17. Plaintiff has been required to retain the services of MAINOR WIRTH to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

IV.

**SECOND CAUSE OF ACTION**
**(Premises Liability)**

18. Plaintiff hereby repeats, realleges and incorporates by reference the paragraphs above as if fully set forth herein.

19. On or about June 15, 2020, it was the duty of Defendant TARGET to use reasonable due care and diligence to keep and maintain the floor of the subject premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to her during her lawful use of the subject premises.

20. It was the duty of Defendant TARGET to exercise reasonable care to protect Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from her lawful use of the subject premises.

21. It was the duty of Defendant TARGET to have sufficient personnel and equipment available to properly inspect and maintain the floor of the subject premises so as to keep it in a condition reasonably safe for Plaintiff and free from defects and other conditions rendering it unsafe.

22. It was the duty of Defendant TARGET to warn Plaintiff of the dangerous and unsafe condition then existing upon the subject premises.

23. Defendant TARGET negligently failed to control, supervise, repair, clean, adequately light and/or maintain the subject premises and further failed to warn Plaintiff of hazards which resulted in her injury.

24. Defendant TARGET breached their duty to maintain the premises in a safe condition and manner, rendering the premises to be a hazard and dangerous for usage by persons lawfully on the subject premises, including Plaintiff.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

25. The resulting injuries to Plaintiff were caused by the negligence, carelessness and/or intentional acts of Defendant TARGET, who failed to utilize reasonable care in the inspection and/or maintenance of the subject premises, and the aforesaid acts of negligence were the proximate cause of the injuries sustained by Plaintiff.

26. As a direct and proximate result, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, resulting in general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. As a further and direct and proximate result of the subject incident, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

28. Plaintiff has been required to retain the services of MAINOR WIRTH to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

**IV.**

**THIRD CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision)**

29. Plaintiff hereby repeats, realleges and incorporates by reference the paragraphs above as if fully set forth herein.

30. Defendant TARGET owed a duty to Plaintiff to exercise reasonable care in the hiring, training and supervision of its staff, employees, representatives and agents.

31. Defendant TARGET further owed a duty to Plaintiff to properly train its staff, employees, representatives and agents for tasks they would perform and ensure that safety measures were in place to protect its students.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

32. Plaintiff hereby alleges, based upon information and belief, Defendant TARGET breached such duties.

33. As a direct and proximate result, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, resulting in general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

34. As a further and direct and proximate result of the subject incident, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

35. Plaintiff has been required to retain the services of MAINOR WIRTH to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

**V.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. Special damages in excess of Fifteen Thousand Dollars ($15,000.00);
3. Damages for cost of medical care and treatment and costs incidental thereto;
4. Damages for future costs of medical care and treatment and costs incidental thereto;

///

///

///

///

///

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

5. For reasonable attorney fees, costs of suit and interest incurred herein; and
6. For such other and relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 23rd day of May, 2022.

**MAINOR WIRTH, LLP**

*/s/ David S. Ivie*

DANIEL S. IVIE, ESQ.
Nevada Bar No. 10090
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
*Counsel for Plaintiff*

# Exhibit B

Electronically Filed
5/23/2022 5:31 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
DANIEL S. IVIE, ESQ.
Nevada Bar No. 10090
**MAINOR WIRTH, LLP**
6018 S. Fort Apache, Ste. 150
Las Vegas, Nevada 89148
Tel: (702) 464-5000
Fax: (702) 463-4440
divie@mwinjury.com
*Attorney for Plaintiff*

CASE NO: A-22-853035-C
Department 16

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

CATHERINE BIERMAN, individually;

Plaintiff,

vs.

TARGET CORPORATION, a Foreign Corporation; DOES I – X, inclusive; and ROE CORPORATIONS I – X, inclusive,

Defendants.

CASE NO.:
DEPT. NO.:

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

CATHERINE BIERMAN TOTAL REMITTED: $270.00

DATED this 23rd day of May, 2022.

**MAINOR WIRTH, LLP**

*/s/ Daniel S. Ivie*

DANIEL S. IVIE, ESQ.
Nevada Bar No. 10090
6018 S. Fort Apache Rd. Ste.150
Las Vegas, Nevada 89148
*Attorney for Plaintiff*

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

# Exhibit C

Electronically Filed
6/17/2022 8:15 AM
Steven D. Grierson
CLERK OF THE COURT

**AOS**
DANIEL S. IVIE, ESQ.
Nevada Bar No. 10090
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
ash@mwinjury.com
*Counsel for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CATHERINE BIERMAN, individually;<br><br>Plaintiff,<br>vs.<br><br>TARGET CORPORATION, a Foreign Corporation; DOES I – X, inclusive; and ROE CORPORATIONS I – X, inclusive,<br><br>Defendants. | CASE NO.: A-22-853035-C<br>DEPT. NO.: 16<br><br>**AFFIDAVIT OF SERVICE UPON DEFENDANT TARGET CORPORATION** |

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

# AFFIDAVIT OF SERVICE

| Case: A-22-853035-C | Court: EIGHTH JUDICIAL DISTRICT COURT | County: CLARK COUNTY, NEVADA | Job: 7174960 |
|---|---|---|---|
| Plaintiff / Petitioner: CATHERINE BIERMAN | | Defendant / Respondent: TARGET CORPORATION | |
| Received by: Battle Born Process Service, License #1876 | | For: 702 SERVES | |
| To be served upon: TARGET CORPORATION | | | |

I, Tonya Malone, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** TARGET CORPORATION, c/o REGISTERED AGENT: C T CORPORATION SYSTEM: 701 S CARSON ST SUITE 200, CARSON CITY, NV 89701

**Manner of Service:** Authorized - an agent lawfully designated to accept service of process
ANA GOMES, ADMINISTRATIVE ASSISTANT, Jun 3, 2022, 2:55 pm PDT

Pursuant to NRS 14.020, documents served to a person of suitable age and discretion at the above address, which address is the address of the Resident Agent as shown on the current certificate of designation filed with the Secretary of State.

**Documents:** SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL

**Additional Comments:**

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Tonya Malone
#R-100246

June 6, 2022
**Date**

Battle Born Process Service, License #1876
3710 Grant Drive Suite L
Reno, NV 89509
(775) 507-7188

# Exhibit D

Electronically Filed
7/1/2022 1:43 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**

ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CATHERINE BIERMAN, individually;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATON, a Foreign Corporation; DOES I-X; and ROE CORPORATIONS 1-X, inclusive;<br><br>Defendants. | CASE NO.: A-22-853035-C<br><br>Dept: 16<br><br>**DEFENDANT TARGET CORPORATION'S INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

Defendant TARGET CORPORATION..............................$223.00

///

///

///

///

**TOTAL REMITTED:.......................................................$223.00**

DATED this 1st day of July, 2022.

PERRY & WESTBROOK
A Professional Corporation

*/s/ Alan W. Westbrook*

ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of July, 2022, a true and correct copy of the foregoing was served upon the following counsel via the Eighth Judicial District Court's electronic filing and service system pursuant to Administrative Order 14-2:

Daniel S. Ivie, Esq.
Mainor Wirth, LLP
6018 S. Fort Apache Road, Suite 150
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

*/s/ Jennifer L. Meacham*
An Employee of PERRY & WESTBROOK,
A Professional Corporation

# Exhibit E

Electronically Filed
7/1/2022 1:43 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**

ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CATHERINE BIERMAN, individually;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATON, a Foreign Corporation; DOES I-X; and ROE CORPORATIONS 1-X, inclusive;<br><br>Defendants. | CASE NO.: A-22-853035-C<br><br>Dept: 16<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant TARGET CORPORATION, by and through its attorney, Alan W. Westbrook, Esq. of the law firm PERRY & WESTBROOK, and in answer to Plaintiff's Complaint on file herein admits, denies, and alleges as follows:

///

///

///

I.

**PARTIES AND JURISDICTION**

Answering paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

Answering paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

II.

**STATEMENT OF FACTS**

Answering paragraph 5 of Plaintiff's Complaint, Defendant objects to the allegations contained within this paragraph as they are vague and ambiguous as to the terms "owned and/or controlled the premises". However, Defendant admits that it was operating its business at the location stated in this paragraph.

Answering paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

/ / /

Answering paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

**III.**

**FIRST CAUSE OF ACTION**
**(Negligence)**

Answering paragraph 10 of Plaintiff's Complaint, Defendant repeats and realleges every answer set forth above as though set forth in full herein.

Answering paragraph 11 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has not yet addressed the same. Nonetheless, Defendant denies they breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 12 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 13 of Plaintiff's Complaint, Defendant objects to the allegations contained within this paragraph as they are vague and ambiguous as to the term "exclusively in control of the premises". However, Defendant admits that it was operating its business at the location stated in paragraph 5 of the Complaint.

Answering paragraph 14 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 15 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 16 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 17 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## IV.

## SECOND CAUSE OF ACTION
**(Premises Liability)**

Answering paragraph 18 of Plaintiff's Complaint, Defendant repeats and realleges every answer set forth above as though set forth in full herein.

Answering paragraph 19 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has not yet addressed the same. Nonetheless, Defendant denies they breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 20 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has not yet addressed the same. Nonetheless, Defendant denies they breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 21 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has

not yet addressed the same. Nonetheless, Defendant denies they breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 22 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has not yet addressed the same. Nonetheless, Defendant denies they breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 23 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 24 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 25 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 26 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 27 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 28 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

**IV. (SIC)**

**THIRD CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision)**

Answering paragraph 29 of Plaintiff's Complaint, Defendant repeats and realleges every answer set forth above as though set forth in full herein.

///

Answering paragraph 30 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has not yet addressed the same. Nonetheless, Defendant denies they breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 31 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has not yet addressed the same. Nonetheless, Defendant denies they breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 32 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 33 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 34 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 35 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

**V. (SIC)**

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

**SECOND DEFENSE**

The negligence of Plaintiff caused or contributed to any injuries or damages that Plaintiff may have sustained; and the negligence of Plaintiff in comparison with the alleged negligence of

Defendant, if any, required that the damages of Plaintiff be denied or be diminished in proportion to the amount of negligence attributable to Plaintiff.

**THIRD DEFENSE**

That the injuries sustained by the Plaintiff, if any, were caused by acts of unknown third persons who were not agents, servants, or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and, as such, this Defendant is not liable in any manner to the Plaintiff.

**FOURTH DEFENSE**

Plaintiff has failed to mitigate her damages.

**FIFTH DEFENSE**

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent research so warrants.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed, and the Plaintiff take nothing by way of same;

///

///

///

///

///

///

///

2. That Defendant be awarded attorney's fees and costs incurred; and,

3. For such other and further relief as the Court may deem just and proper.

DATED this 1st day of July, 2022.

PERRY & WESTBROOK
A Professional Corporation

*/s/ Alan W. Westbrook*
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of July, 2022, a true and correct copy of the foregoing was served upon the following counsel via the Eighth Judicial District Court's electronic filing and service system pursuant to Administrative Order 14-2:

Daniel S. Ivie, Esq.
Mainor Wirth, LLP
6018 S. Fort Apache Road, Suite 150
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

*/s/ Jennifer L. Meacham*
An Employee of PERRY & WESTBROOK,
A Professional Corporation

# Exhibit F

Electronically Filed
7/1/2022 1:46 PM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**

ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CATHERINE BIERMAN, individually;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATON, a Foreign Corporation; DOES I-X; and ROE CORPORATIONS 1-X, inclusive;<br><br>Defendants. | CASE NO.: A-22-853035-C<br><br>Dept: 16<br><br>**DEFENDANT TARGET CORPORATION'S DEMAND FOR JURY TRIAL** |

DEMAND IS HEREBY MADE by Defendant TARGET CORPORATION, by and through its attorney, Alan W. Westbrook, Esq. of the law firm PERRY & WESTBROOK,

/ / /

/ / /

/ / /

/ / /

for a trial by jury in the above-entitled matter.

DATED this 1st day of July, 2022.

PERRY & WESTBROOK
A Professional Corporation

*/s/ Alan W. Westbrook*
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of July, 2022, a true and correct copy of the foregoing was served upon the following counsel via the Eighth Judicial District Court's electronic filing and service system pursuant to Administrative Order 14-2:

Daniel S. Ivie, Esq.
Mainor Wirth, LLP
6018 S. Fort Apache Road, Suite 150
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

*/s/ Jennifer L. Meacham*
An Employee of PERRY & WESTBROOK,
A Professional Corporation