# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CATHERINE BIERMAN,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

Case No. 2:22-cv-01044-RFB-NJK

**ORDER**

[Docket No. 21]

    Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 21.

    A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted). If the request is made after the expiration of a subject deadline, a showing of excusable neglect is also required. Local Rule 26-3.

    Here, the parties have not demonstrated diligence or excusable neglect. The parties submit that an extension is appropriate because Defendant's counsel was busy with other cases and, therefore, was delayed in responding to Plaintiff's supplemental disclosures. Docket No. 21 at 1-2. The parties further submit that good cause exists for an extension because a new attorney has

become lead counsel for Plaintiff and that attorney needs additional time to familiarize herself with the case. *Id.* at 4. "[A]ttesting that an attorney has overloaded his work obligations such that he cannot comply with established deadlines is not only an insufficient basis to modify case management deadlines, it is cause for alarm." *Williams v. James River Grp. Inc.*, __ F.Supp.3d __, 2022 WL 418145, *4 (D. Nev. 2022). Similarly, the appearance of a new attorney in a matter is not good cause to extend discovery deadlines. *Id.* (internal citations omitted). Therefore, the Court cannot find good cause and the inquiry ends.

Despite the parties' lack of a proper showing, as a onetime courtesy to the parties, the Court **GRANTS** the parties' stipulation. Docket No. 21. The scheduling order is **MODIFIED** as follows:

| | |
|---|---|
| Initial Experts: | May 26, 2023 |
| Rebuttal Experts: | June 27, 2023 |
| Discovery Cut-Off | July 26, 2023 |
| Dispositive Motions: | August 25, 2023 |
| Joint Pretrial Order: | September 25, 2023 |

IT IS SO ORDERED.

Dated: April 24, 2023

Nancy J. Koppe
United States Magistrate Judge