1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

7  CATHERINE BIERMAN,                                   Case No. 2:22-cv-01044-RFB-NJK

8            Plaintiff,                                      **ORDER**

9       v.

10  TARGET CORPERATION,

11          Defendant.

12

13      Before the Court is the Motion for Summary Judgement (ECF No. 25) of Defendant Target

14  Corporation ("Target"). For the following reasons, the Court grants the motion.

15

16   **I.    FACTUAL BACKGROUND**

17      The Court finds the following facts to be undisputed.  On June 15, 2020, at approximately

18  6:30 p.m., Plaintiff Catherine Bierman fell in at a store owned by Target. A substance was on the

19  ground in the middle of an aisle. There was no sign or other indicators of a spill, such as a bottle.

20  Ms. Bierman did not see the substance prior to falling. There was no indication regarding how

21  long the spill was there. Target trains its employees who spot spills to stay on-location and call

22  another employee assist in cleaning up the spill. At the relevant time, a target employee was

23  assigned to the general area—which involves looking for debris, spills, or other safety issues.

24

25   **II.   PROCEEDURAL HISTORY**

26      On May 23, 2022, Ms. Bierman filed the Complaint in The Eighth Judicial District Court

27  for Clark County, Nevada, concerning an alleged slip and fall incident on a Target's premise.

28  ECF No. 1-1. On July 1, 2022, Target removed the action to this Court. ECF No. 1. Discovery

ran in this matter from August 17, 2022, through July 26, 2023. ECF Nos. 12, 15, 17, 20, 24. On September 12, 2023, Target filed the instant Motion for Summary Judgement. ECF No. 25. On August 8, 2023, the motion was fully briefed. ECF Nos. 30, 35.[1] The Court's Order follows.

### III.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts[.] Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV.    DISCUSSION

The Court now turns to the merits of Target's motion. The Complaint brings three causes of action under Nevada law: Negligence, Premises Liability, and Negligent Hiring, Training, and

---

[1] Ms. Bierman wrongly filed her Response to the Motion for Summary Judgement under seal. See ECF No. 32. There is a strong presumption of public access to court records. Folz v. State Farm Mutual Auto Insurance Company, 447 F.3d 1122, 1135 (9th Cir. 2003). The Court will therefore require the Parties to stipulate to unsealing portions of the Response.

Supervision ("NHRS"). Target argues summary judgement in its favor is warranted because both Plaintiff has failed as a matter of law to produce sufficient evidence to support her claims.

As a threshold matter, the Court finds that Ms. Bierman's Negligence and Premises Liability claims are really a single claim for Negligence. In Nevada, premises liability is simply a theory of negligence that establishes a duty of care via ownership of the premises at issue. See Turner v. Mandalay Sport Entm't, 180 P.3d 1172, 1175 (Nev. 2008). Here, both claims are based on the duty of care that Target had to Ms. Bierman as customer on its premises. Therefore, the Court considers both together.

In Nevada, "to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). The existence of a duty is "a question of law to be determined solely by the courts." Turner v. Mandalay Sports Entertainment, LLC, 180 P.3d 1172, 1177 (Nev. 2008). Breach and proximate cause, however, are generally questions of fact. Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012). With regards to slip and falls specifically:

> "[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use. Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care. Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it."

Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322-23 (Nev. 1993) (per curiam) (cleaned up). The Supreme Court of Nevada has further indicated that: "'[W]here an owner's chosen mode of operation makes it reasonably foreseeable that a dangerous condition will occur, a store owner could be held liable for injuries to an invitee if the plaintiff proves that the store owner failed to take all reasonable precautions necessary to protect[.].'" FGA, Inc. v. Giglio, 278 P.3d 490, 496 (Nev. 2012). In Giglio, the Nevada Supreme Court also noted how the "mode of operation" approach was appropriate in grocery stores, as in Sprague, but "does not generally extend to a

1    sit-down restaurant." <u>Id.</u> at 497.

2        The Court finds that undisputed evidence establishes that Target, as the owner of the

3    store at issue, owed Ms. Bierman a duty of care to keep its premises reasonably safe. <u>Id.</u> at 496.

4        Next, the Court finds that Plaintiff has failed to produce evidence that any reasonable jury

5    could find establishes a breach of that duty. There is no evidence that Target or any of its

6    employees caused the spill. <u>See</u> <u>Sprague</u>, 849 P.2d at 322. There is no evidence that Target or

7    any of its employees had any actual notice of the spill. <u>See</u> <u>Eldorado Club, Inc. v. Graff</u>, 377

8    P.2d 174, 175 (1962) (explaining actual notice). Therefore, the only remaining path to liability is

9    through constructive notice. <u>See</u> <u>Asmussen v. New Golden Hotel Co.</u>, 392 P.2d 49, 50 (1964)

10   (explaining constructive notice).

11       In her Response, the crux of Ms. Bierman's constructive notice argument is that "the

12   defendant has not presented any evidence to establish that the foreign substance was on the floor

13   for any amount of time." She also points to the two facts to support constructive notice. First,

14   that the "zoned" employee was monitoring sixty aisles. Second, that the spill was streaked and

15   had footprints through it.[2] Target counters that it is Ms. Bierman's burden to produce evidence

16   that the substance was on the floor long enough to give Target constructive notice.

17       The Court finds no constructive notice as a matter of law. Ms. Bierman cites to no

18   decision by the Nevada Supreme Court, nor is this Court aware of such, that supports the

19   position that a store may be on notice of liquid hazard simply by virtue of a substance being on

20   the floor for a certain period of time. Rather, the Court finds that <u>Sprague</u> requires that the

21   Plaintiff provide some sort of evidence showing that the Defendant was on constructive notice of

22   the hazardous condition or that it existed for such duration that there should be constructive

23   notice. 849 P.3d at 323 (finding a material dispute of fact where the department at issue was

24   impossible to keep safe with the routine sweeping used, that debris regularly fell to the floor

25   there, and a "continual hazard" was created there). That an employee covered as many as sixty

26

27       [2] Plaintiff points to a single photograph as support for footprints through the spill.
     However, while there are scuffs, there are no foot tracks through a spill. Court declines to
28   consider this as evidence of such, <u>Scott</u>, 550 U.S. at 380 (declining to find a dispute of material
     fact created by a plaintiff's testimony because it was "so utterly discredited by" a video in the
     record), though such a finding would not alter the result of this order.

aisles and the substance at-issue was streaked does not establish more than a "metaphysical" dispute concerning constructive notice. See Scott, 550 U.S. at 380; see also Gunlock v. New Frontier Hotel, 370 P.2d 682, 684 (1962) ("The owner . . . is not an insurer of the safety of a person on the premises, and in the absence of negligence, [has] no liability[.]").

Finally, the Court finds that Ms. Bierman's NHRS claim fails as a matter of law. In Nevada, negligent hiring, training, or supervision requires a showing of (1) a general duty on the employer to use reasonable care in the training or supervision of employees to ensure that they are fit for their positions, (2) breach, (3) injury, and (4) causation. Iseke v Biomat USA, Inc., 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013). The NHRS claim is premised on the same negligence that the Court has already determined fails as a matter of law. Further, Ms. Bierman has produced no other evidence of a breach of any other duty held by Target. This evidentiary shortcoming is fatal to Ms. Bierman's claim.

## V.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgement (ECF No. 25) is **GRANTED** in full as consistent with this Order. The Clerk of Court is instructed to enter judgement in Defendants favor and close this case.

**IT IS FURTHER ORDERED** that on or before October 14, 2024, the Parties will produce a stipulation identifying what portions, if any, of Ms. Bierman's Response (ECF No. 30) to the Motion to Dismiss should remain sealed.

**DATED:** September 29, 2024.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**