**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CATHERINE BIERMAN, | Case No. 2:22-cv-01044-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

Before the Court is the parties' (ECF No. 39) Stipulation to Seal Documents and (ECF No. 40) Emergency Motion to Seal by Defendant Target Corporation. For the following reasons, the Court denies both the Stipulation and Motion.

**I.  PROCEDURAL HISTORY**

The Court recites only the procedural history relevant to the instant Order.

On March 16, 2023, the Court entered a stipulated protected order (SPO) between the Parties, governing the disclosure of confidential information in the instant lawsuit. See ECF No. 17. The same day, the Court entered an order informing the parties that the approval of the blanket protective order was entered to facilitate discovery exchange, but that "there has been no showing, and the Court has not found, that any specific documents are secret or confidential." ECF No. 18. The Court further ordered counsel to comply with the requirements of the local rules and the Ninth Circuit's decision in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006) with respect to any documents filed under seal, and set forth the following procedure for compliance:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

ECF No. 18 at 1-2. Finally, the Order stated "[t]o the extent any aspect of the stipulated protective order may conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby superseded with this order." Id. at 2.

On October 4, 2023, Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment under seal, without filing a Motion to Seal, as required by Local Rule IA 10-5(a). See ECF No. 30. On July 25, 2024, the Court ordered Plaintiff's Opposition unsealed due to her failure to seek leave of Court for the under-seal filing. ECF No. 32. The same day, Defendant filed a Notice to the Court of Plaintiff's violation of the SPO because of the unsealed Opposition, which contained information designated as confidential by Defendant—namely deposition testimony of Defendant's Federal Rule of Civil Procedure 30(b)(6) witness which discussed Defendant's policies and procedures. See ECF No. 33. On July 26, 2024, the Court resealed Plaintiff's Opposition, based on Defendant's Notice. ECF No. 34.

On September 29, 2024, the Court granted Defendant's Motion for Summary Judgment and ordered the Parties to stipulate which portions of Plaintiff's Opposition would remain sealed post-judgement, noting the "strong presumption of public access to court records." ECF No. 36 at 2, n. 1 (citing Folz v. State Farm Mut. Auto Ins. Co., 447 F.3d 112, 1135 (9th Cir. 2003)).

On October 14, 2024, Defendant filed a Motion to extend the deadline to file the stipulation regarding redactions as ordered by the Court. ECF No. 37. That Motion attached a proposed stipulation that Defendant had sent to Plaintiff, which included as an exhibit Plaintiff's Opposition to Summary Judgment with proposed redactions. See ECF No. 37-1. However, Defendant's counsel inadvertently filed a version of the document in which the stipulated redactions were highlighted, rather than redacted, such that the information was and continues to be visible to the public on the Court's docket. ECF No. 37. On October 24, 2024, Defendant filed the instant Stipulation, which again attached Plaintiff's Opposition with proposed redactions highlighted

1  rather than redacted. See ECF No. 39, 39-1. On November 13, 2024, Defendant filed the instant
2  Emergency Motion to Seal, informing the Court of the error and requesting the Court seal
3  Defendants' unredacted Exhibits. See ECF No. 40.
4      The Courts order on the pending Stipulation and Motion follows.

## II.    LEGAL STANDARD

In the Ninth Circuit, there is a "strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1134 (9th Cir. 2003). There is a federal common law right of the public "to inspect and copy public records and documents." Id. The common law right of access, however, is not absolute and can be overridden by sufficiently "compelling reasons" for doing so. Id. Under the "compelling reasons" standard, the party seeking to seal court records "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and quotation marks omitted).

In determining whether records filed in connection with a dispositive motion should be sealed, "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (quoting Foltz, 331 F.3d at 1135). In making the determination, courts should consider all relevant factors, including: "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade." Id. (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). "Under this *stringent* standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." Ctr. for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (citing Kamakana, 447 F.3d at 1178) (emphasis added).

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure include that the records may be used for improper purposes, such as "to gratify private spite,

1  promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447
2  F.3d at 1179 (quoting Nixon v. Warner Commun., Inc., 435 U.S. 589, 598 (1978)). "The mere fact
3  that the production of records may lead to a litigant's embarrassment, incrimination, or exposure
4  to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz,
5  331 F.3d at 1136).

### III.   DISCUSSION

The presumption of public access to court records is strong where, as here, the records sought to be sealed include "motions for summary judgment and related attachments." Kamakana, 447 F.3d at 1179. This principle of disclosure recognizes "the resolution of a dispute on the merits, whether by trail or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id. (quoting Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada, 798 F.2d 1289, 1294 (9th Cir. 1986)); citing Foltz, 331 F.3d at 1135-36). Thus, a party seeking to seal briefing and attachments on summary judgment must satisfy the "compelling reasons" standard, even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." Id. (citing Foltz, 331 F.3d at 1136).

Defendant asks this Court to allow significant portions of Plaintiff's brief in opposition to summary judgment and all its attachments to remain sealed, without articulating compelling reasons to justify their continued secrecy, other than that Defendant designated the information as confidential pursuant to a stipulated protective order, and sealing is necessary to enforce that order. Defendant states the records concern "[t]he policies and procedures of Target" which are "considered highly confidential" with no explanation as to how these records might be used for an improper purpose. See ECF No. 33. These conclusory statements are insufficient under Kamakana, 447 F.3d at 1182 (finding that a city's conclusory statements that disclosure of confidential informant testimony would hinder law enforcement operations and endanger informants' lives was not sufficiently specific to bar the public from accessing the documents).

Similarly, Defendant articulates no basis for this Court to find that enforcing the SPO

1  outweighs the public's right to access these records. In Kamakana, the Ninth Circuit clarified that
2  reliance on a blanket protective order is not a "compelling reason that rebuts the presumption of
3  access." Id. at 1183-84 (citing Foltz, 331 F.3d at 1138); see also Beckman Indus., Inc. v. Int'l Ins.
4  Co., 996 F.2d 470, 475-76 (9th Cir. 1992) (noting that reliance on a "stipulated . . . blanket
5  protective order" does not justify sealing court records). And this Court specifically warned
6  Defendant that to the extent the blanket protective order in this case conflicted with the standard
7  in Kamakana, it was superseded. See ECF No. 18. Nevertheless, Defendant failed to comply with
8  the procedures described in the Court's March 16, 2023 Order, see ECF No. 18 at 2, and failed to
9  acknowledge the compelling reasons standard, despite the Court reminding Defendant of that
10 standard on numerous occasions. See e.g., ECF Nos. 17, 32, 36.

11       Having reviewed the proposed redactions, the Court finds they concern Target's policies
12 and procedures related to cleaning and staffing in its stores. Defendant has offered no explanation
13 as to why it considers this information confidential, or how its availability to the public might
14 result in cognizable harm, such as the release of trade secrets. The fact that—due to Defendant's
15 inadvertent disclosure of portions of this material—the purportedly confidential information has
16 been available to the public for over a year without any indication that it has been used for an
17 improper purpose further demonstrates that sealing is not warranted. To the extent Target is
18 concerned the information may cause embarrassment or lead to further litigation, such concerns
19 cannot meet the "compelling reasons" standard. Id. at 1179 (a litigant's concern about
20 "embarrassment, incrimination, or exposure to further litigation" without more is insufficient to
21 justify sealing).

22       Therefore, the Court will deny the Stipulation and Motion and unseal Plaintiff's Opposition
23 to Summary Judgment and its exhibits.
24       ///
25       //
26
27
28

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the (ECF No. 39) Stipulation is **DENIED**. The Clerk of Court is instructed to **UNSEAL** Plaintiff's (ECF No. 30) Response.

**IT IS FURTHER ORDERED** that the (ECF No. 40) Emergency Motion to Seal is **DENIED**.

**DATED:** September 26, 2025.

                                                                                      _____
                                                                                      **RICHARD F. BOULWARE, II**
                                                                                      **UNITED STATES DISTRICT JUDGE**